SPRECHER and another, Respondents, vs. ROBERTS and another, Appellants.

*May 9—June 6, 1933.*

For the appellants there was a brief by *Richmond, Jack-man, Wilkie & Toebaas,* and oral argument by *Harold M. Wilkie* and *Wm. E. Torkelson,* all of Madison.

For the respondents there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington.*

WICKHEM, J. The first error relied upon is that the trial court found as a matter of law that the relation of employer and employee, rather than that of independent contractor and contractee, existed between defendants and Christensen, the mason who was building the chimney.

In December, 1931, the defendant Ray Roberts engaged Christensen to build the chimney. Christensen stated that he would need a helper, and Roberts inquired whom he could get. Christensen recommended one Thompson, and Roberts secured Thompson as helper, it being understood that Thompson would work under Christensen's direction. Christensen advised defendants as to the proper dimensions of the chimney and the quantity of brick needed, but defendants were to furnish the brick, the cost of which was not to be a part of Christensen's bill. When the chimney was finished Christensen submitted a bill for $20, which was computed on the basis of hours of work at eighty cents an hour, and he was credited with this amount upon his store bill. Thompson figured up his own time at the rate of forty cents an hour, and his wife had that amount deducted from their grocery bill. In addition to furnishing and paying for the materials for the chimney, defendants furnished the scaffolding. The ladder which caused the injury was borrowed from a neighboring hardware store by defendants, and in fact had previously been used when the chimney hole was being cut in the roof. This hole was cut by workmen other than Christensen and Thompson. There was no specified time for completion of the job, nor any specific agree-

ment as to who should control its details, although it is clear that defendants made no efforts to direct the manner in which the mason work was executed. The foregoing facts are undisputed, and are reasonably subject only to the inference that Christensen and Thompson were employees of defendants.

The test to determine whether one is an employee or an independent contractor is thus stated in *Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288:

"Whether or not a person is an independent contractor or a servant depends upon the right of control by the principal over the person engaged to do the work. The mere fact that the principal exercises such control is not significant if he has no right of control. The test is to be determined by the contract, not by the course of conduct. However, when the terms of the contract are in doubt, the course of conduct of the parties in the execution of the contract may be considered as an aid in construing the contract, but when the contract is determined, the right of control by the principal over the person doing the work is generally considered the important test."

In *Miller & Rose v. Rich,* 195 Wis. 468, 218 N. W. 716, the court said:

"The employee generally is subject to direction and control by the employer as to his work and the manner of execution. The independent contractor undertakes to do the job reserving to himself independence of action as to execution, except as designated in the contract."

Since the contract or understanding between the parties is to determine the existence of this right of control, and since there was here no formal contract unambiguously settling the matter, resort must be had, for the purposes of construction, to such of the surrounding circumstances as tend to characterize the relationship. When these circumstances, all of which have heretofore been stated, are considered there is left no reasonable doubt as to the intended

character of the relationship or the presence in the defendants of a right to control Christensen and direct the details of his work. The fact that defendants hired and paid separately each person who was to perform services upon the chimney; that defendants furnished the scaffolding and ladder; that payment was by the hour in the case of both Christensen and Thompson; that there was no stipulated price or time for performance, when taken together point conclusively to a relation of employer and employee between Christensen and the defendants, and lead to the conclusion that to designate Christensen an independent contractor clothes him with a dignity and imposes upon him responsibilities which neither defendants nor Christensen ever contemplated. *Connor L. & L. Co. v. Industrial Comm.* 203 Wis. 85, 233 N. W. 559.

The next question relates to alleged errors in the trial with respect to instructions and the admission of evidence. The first is with reference to evidence of custom. Evidence was received as to the custom prevailing in the city of Madison with respect to the tying or securing of ladders at the point of contact with the building or structure against which they stood. It is claimed that the admission of such evidence was error; that the city of Madison is not in the vicinity of Brooklyn, and that the custom shown should either have been a general custom or one in Brooklyn and its immediate vicinity. Plaintiffs' claim is that so far as the physical situation goes, the custom in one place would be based upon the same considerations as it would in any other place. In other words, the ladder is just as apt to fall or be blown down in one place as another, unless there are shown peculiar conditions of weather which exist in one place and not in another. We think appellants' contention is correct. In such situations as are here presented custom is offered as the basis of an inference with respect to negli-

gence. A custom that is general in scope may be the basis of a very strong inference as to proper standards of care. If the custom is more limited in territorial scope, it should at least be shown to prevail in the vicinity where the alleged negligence occurred. *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834. While it is true that the physical situation with respect to ladders may not vary with the size of the community, the considerations that go to make up a want of ordinary care, or the reverse, may be quite different. The likelihood of injury, for example, may be materially less in Brooklyn than in a larger community such as Madison, and the custom, therefore, may call for a higher degree of precaution in Madison than in Brooklyn. It is considered that the custom, if less than general in scope, should be shown to exist in Brooklyn and its immediate vicinity, rather than to show a custom in Madison without showing that it exists in Brooklyn, and then, because of geographical proximity, attaching Brooklyn to Madison as a part of a single vicinity. With reference to the matter of custom, the court instructed the jury:

"With reference to placing and guarding of the ladder it was the duty of the defendants and those who did the work for them to use the same care and precaution to avoid injury to others as was the custom of other persons when doing the same kind of work under similar circumstances in the village of Brooklyn or in other communities located in the vicinity of Brooklyn."

This instruction made custom a controlling factor instead of merely evidence of negligence, and imposed upon defendants and their employees as a matter of law the duty to use the same care and precaution as was the *custom* of other persons. The instruction was erroneous. It is true that compliance with a customary practice furnishes evidence of due care, and that failure to comply with a customary practice may be the basis for an inference of negligence. It

is generally held that it can have no greater effect than this. In *Cadillac Motor Car Co. v. Johnson,* 221 Fed. 801, it is stated:

"The common usage of the business is a test of negligence, but not a conclusive or controlling test. . . . Such evidence is received for what it is worth, in view of all the circumstances of the particular case, and under proper instructions from the court as to its inconclusive nature the jury has the right to give it such consideration as they think it should receive in connection with all the other facts."

While there are authorities to the effect that failure to follow a custom may constitute negligence, the doctrine is virtually restricted to cases in which no inference other than negligence can reasonably be drawn from the conduct which constitutes a departure from custom.

"A custom, the failure to observe which will constitute negligence, must be certain, uniform, and invariable, and must also be notorious and known to all persons of intelligence having to do with the subject to which it relates." *Fogarty v. Michigan Cent. R. Co.* 180 Mich. 422, 147 N. W. 507.

The admission of evidence of a custom with respect to tying of ladders in Madison, taken together with the instruction establishing the customary practice as the legal standard by which defendants' negligence was to be judged, was not only erroneous but prejudicial.

Error is also assigned because the court declined to instruct the jury that if the defendants complied with the customary practice there was, as a matter of law, no negligence on their part. This instruction was properly refused. *Marsh Wood Products Co. v. Babcock & Wilcox Co.* 207 Wis. 209, 240 N. W. 392; *E. L. Chester Co. v. Wisconsin Power & Light Co.* 211 Wis. 158, 247 N. W. 861.

Other assignments of error are made, and they have been carefully considered. A detailed discussion of them would

unduly extend this opinion without performing any useful service. The contentions of defendants heretofore discussed are the only ones which we consider to have merit.

The foregoing considerations compel the conclusion that there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.