Eich, Respondent, vs. Brennan and another, Appellants.

*November 9—December 8, 1936.*

For the appellants there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein*.

*C. B. Dillett* of Shawano, for the respondent.

MARTIN, J.   There are four assignments of error:

"(1)  The court erred in refusing to receive the evidence offered by the defendants of the custom and agreement among all employees of the plaintiff herein which required the empty trucks to get out of this logging road and give the loaded trucks full right of way.

"(2)  The court erred in his instructions to the jury in which he refused to consider the *locus in quo* a logging road but applied the principles applicable to ordinary highways in the absence of any custom or agreement requiring the empty trucks to give the loaded trucks the right of way.

"(3)  The court erred in not directing a verdict for the defendants herein upon the merits.

"(4) The court erred in receiving the photographs offered by the plaintiff because they were prepared for the purpose of the trial and were not substantially correct and prejudiced the defendants herein."

It is conceded that the collision occurred upon a logging road constructed on the reservation by the Menominee Indians for use by the truck drivers hauling logs. There is no evidence that the road was used for purposes other than logging. It appears that at the time in question there were eight or nine truck operators engaged in hauling logs from the south branch on the reservation to Shawano, all using trailers on which the logs were loaded. The appellants pleaded and offered proof at the trial that there was an understanding and agreement between all the truck operators using the logging road that the unloaded trucks were to give way to the loaded trucks. The trial court excluded all the testimony offered by defendants with respect to this understanding and agreement.

The ordinary rules of the road would not apply in the instant case if, as pleaded and claimed by the appellants, there was an understanding and agreement between all truck operators engaged in hauling logs that unloaded trucks were to give full right of way to loaded trucks. *Steubing v. L. G. Arnold, Inc.,* 210 Wis. 513, 517, 246 N. W. 554. In *Sprecher v. Roberts,* 212 Wis. 69, 74, 248 N. W. 795, the court said:

"It is true that compliance with a customary practice furnishes evidence of due care, and that failure to comply with a customary practice may be the basis for an inference of negligence."

Continuing, the court quoted approvingly from the case of *Cadillac Motor Car Co. v. Johnson* (C. C. A.), 221 Fed. 801, where it is stated:

"The common usage of the business is a test of negligence, but not a conclusive or controlling test. . . . Such evidence is received for what it is worth, in view of all the circum-

stances of the particular case, and, under proper instruction from the court as to its inconclusive nature, the jury has a right to give it such consideration as they think it should receive in connection with all the other facts."

There are many authorities holding that where the conduct of a defendant coincides with the customary method of doing the same business by others, under similar circumstances, the inference of negligence is excluded. See *E. L. Chester Co. v. Wisconsin Power & Light Co.* 211 Wis. 158, 167, 247 N. W. 861, and cases cited.

In *Collins v. Chicago & N. W. R. Co.* 150 Wis. 305, 310, 136 N. W. 628, error was assigned for admitting testimony relative to the usual mode of rebuilding bridges on a line of railroad in operation. As to the admissibility of the testimony, the court said:

"Great liberality is allowed in the introduction of evidence relating to the mode or practice of carrying on the work in question or somewhat similar work. Such evidence was very proper to aid the jury in understanding questions of want of ordinary care."

The evidence rejected in the instant case went to the proposition that there was an understanding and agreement among all truck operators that the drivers of unloaded trucks would give full right of way to the loaded trucks on the logging road in question. Clearly, such testimony was admissible. If such agreement existed, the defendant Brennan had a right to assume that the driver of the plaintiff's truck would yield to him the right of way. In view of the condition of this logging road; the width of the traveled portion; the sandy condition immediately adjacent to the part on which it was necessary that the loaded trucks travel; the size and weight of the loads carried; it was obviously necessary that there be some understanding between the truck operators relative to the empty trucks and trailers yielding the right of way to the southbound trucks carrying large and heavy loads.

After appellants' counsel had made several attempts to get in the evidence of the alleged agreement among all truck operators, to which reference has been made above, the court stated:

"You may add to the ruling of the court that the question of custom and rules and regulations is not applicable in this case, this kind of a case where the action is based and predicated upon the negligence against the defendant and that the usual and ordinary proof that applies to the law of negligence will be admitted and ruled upon accordingly, depending upon their competency or incompetency, but the custom or what was agreed to between the parties as to the highway in question or even at the point or curve in the highway which may apply at the time and place of this accident are excluded and the objection sustained."

In instructing the jury, the court said:

"Operators of vehicles proceeding in opposite directions are required to pass each other to the right, each giving the other at least one half of the main traveled portion of the road as nearly as possible."

The appellants assign this as error, contending that the rules of law applicable to traffic regulation on public highways do not apply in the instant case. Had the testimony offered by the defense been received, the case would necessarily have been submitted to the jury, permitting them to determine whether the alleged understanding and agreement among the truck operators existed. The issue should have been submitted with an appropriate instruction.

It is contended that the court erred in not directing a verdict for the defendants upon the merits. Since all the testimony offered by the defense on what seems to be the main issue in the case was excluded, it is our conclusion that there must be a new trial of the action.

*By the Court.*—Judgment reversed. Record remanded with directions to enter an order granting a new trial.