STEPHENS, Respondent, vs. CUTSFORTH (Roy) and another, Appellants. [Case No. 123.]

CUTSFORTH (Bertram), Appellant, vs. STEPHENS and others, Respondents. [Case No. 124.]

*December 2—December 30, 1949.*

258

For the appellants there was a brief by *Rogers & Owens* of Portage, and oral argument by *Bruce J. Rogers* and *Harlan B. Rogers*.

For the respondent in Case No. 123 there was a brief by *Walker & Latton* of Portage, and oral argument by *Dorothy Walker* and *Howard Latton*.

For the respondents in Case No. 124 there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Harold M. Langer*.

BROADFOOT, J. These cases present two questions: (1) Was there a definite agreement among all of the truck drivers employed to haul gravel for Jaeger Brothers, Inc., over County Trunk Highway I on May 17, 1948, that would supplant the statutory rules of the road and excuse Stephens for driving on his left side of the highway just prior to the collision? (2) If there was such an agreement, could it be operative and effective upon a public highway open for public travel if contrary to the applicable statutory rules of the road?

Both questions are answered in the negative. The testimony in the record does not establish that there was a definite, workable, and understandable agreement. The respondents rely upon two decisions of this court. The first case, *Steubing v. L. G. Arnold, Inc.*, 210 Wis. 513, 246 N. W. 554, involved a collision between an empty dump truck and one loaded with gravel on a road under construction that was closed to public travel. In that case there was no agreement among the truck drivers but all of the drivers were instructed by the contractor that loaded trucks were to have the right of way. The second case, *Eich v. Brennan*, 223 Wis. 174, 270 N. W. 47, involved a collision between an empty truck and

one loaded with logs upon a logging road constructed on the reservation of the Menomonie Indians for use by truck drivers hauling logs. In that case there was no evidence that the road was used for purposes other than logging. Evidence of an agreement between all of the truck operators that the unloaded trucks were to give way to the loaded trucks was excluded. This court remanded the record for a new trial and held that such evidence should be admitted. There is no indication in either of said decisions that an agreement between all of the truck operators or instructions of the contractor could supplant the statutory rules of the road upon a public highway entirely open for public travel.

Evidence of the custom or agreement was received over the objection of the appellants and the jury was instructed that the custom or agreement, if properly established, would supplant the statutes governing travel upon a public highway. This was not a proper instruction.

*By the Court.*—Judgments reversed and causes remanded with directions to enter an order granting a new trial.