A. Breslauer Company, Appellant, vs. Industrial Commission of Wisconsin and another, Respondents.

*March 5—April 3, 1918.*

*Workmen's compensation: Accident resulting in death: Evidence: Report and answer of employer: Hearsay: Harmless error: Witnesses: Competency: Claimant widow: Transactions with deceased: Failure to give notice of injury: Effect: Burden of proof.*

1. Where an employee fell from a ladder and nine days later died of pneumonia, the employer's report of the accident, stating that the employee was not injured, and the answer before the industrial commission, stating that the injuries were slight and had no connection with his death, were evidence of the accident only.

2. Evidence in such case that the employee was externally bruised and suffered much pain, together with testimony of physicians tending to show that the trauma caused by the fall was likely to result in pneumonia, which caused his death, is *held* to support a finding by the industrial commission that the death proximately resulted from the fall.

3. In an action to review an award by the industrial commission the admission of hearsay evidence was harmless error where the trial court, in its opinion, expressly states that such evidence was not considered, and there is sufficient competent evidence to support the decision.

4. The widow of a deceased employee, claiming compensation under the statute for his death, is not incompetent under sec. 4069, Stats., to testify to transactions and communications (not private) with the decedent.

5. Failure to give the notice required by sec. 2394—11, Stats., did not preclude recovery of compensation for the death of an employee, where the employer had actual notice of the accident within ten days and there was no intention to mislead the employer and he was not in fact misled by said failure.

6. The burden of proof, in such a case, is upon the employer to show that he was misled and prejudiced by the failure to give the statutory notice of injury.

Appeal from a judgment of the circuit court for Dane county: George Grimm, Judge. *Affirmed.*

Ludwig Bergenthal, a man about forty-nine years of age, was in the employ of the appellant, *A. Breslauer Company,*

A. Breslauer Co. v. Industrial Comm. 167 Wis. 202.

at the time of the alleged accident, and while getting a box down from a pile of boxes fell from a ladder to the floor.    He resumed work immediately.    The fall occurred Friday, April 21, 1916.    He returned home at about 6:30 p. m., went to church in the evening, worked until quitting time the next day, went to bed that afternoon and remained there until Monday morning, went back to work Monday morning, returned home at noon and again went to bed, got up on Tuesday and went to bed again Wednesday, April 26th, and died Sunday, April 30th, of pneumonia.

The above named appellant in its answer before the *Industrial Commission* admits that Ludwig Bergenthal was injured April 21, 1916, but alleges that such injuries were slight and had no connection with his death.    Considerable testimony was taken before the *Commission* respecting the accident and injuries resulting therefrom, including expert evidence of physicians, and the *Industrial Commission* made an award ordering that the appellant and General Accident, Fire & Life Assurance Corporation, Ltd., pay to the applicant, *Clara Bergenthal,* one of the respondents here, the sum of $2,614.49 in full discharge of all liability.    The award was reviewed before the court below and the contention made that there was no evidence that Bergenthal sustained injuries while in the employ of the appellant, and that there was no evidence that his death resulted from such injuries, and that no notice of the alleged injuries was given within thirty days as required by law, and that no award should be made against the General Accident, Fire & Life Assurance Corporation, Ltd.

The court below modified the award by eliminating the General Accident, Fire & Life Assurance Corporation, Ltd., from its operation because it was not a party to the proceeding and did not appear therein and no liability on its part was shown.    Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Lines, Spooner & Quarles* and *James T. Guy* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

Kerwin, J.   The only matters before us for consideration are (1) whether the court erred in holding that there was competent evidence in the record to support the finding of the *Commission* that Bergenthal died as a result of injuries sustained while in the employ of the appellant; and (2) whether the court erred in holding that applicant's failure to give notice as required by sec. 2394—11, Stats., was not a bar because the employer was not in fact misled thereby.

1. The report to the *Industrial Commission* and the admission in the answer of the appellant are sufficient proof of the accident in this case.   *First Nat. Bank v. Industrial Comm.* 161 Wis. 526, 154 N. W. 847.   This is conceded by counsel for appellant, but it is contended that the report and admission cannot be considered as evidence of any further fact and that they are not admissions that deceased was injured by the fall, and further that the evidence was not sufficient to sustain the finding of the *Commission* to the effect that the injuries sustained by the deceased were caused by the accident, which injuries resulted in the death of said Bergenthal.

We are of opinion that the report and admission in the answer are evidence only of the accident; but aside from the report and admission the evidence was ample to support the findings of the *Commission* and the court below to the effect that Bergenthal died as a result of injuries sustained while in the appellant's employ.   Considerable evidence was of-

fered in the case tending to show discoloration on parts of deceased's body, pain and suffering, headache, and restlessness, as well as expert testimony of doctors, all of which tended to show that the trauma caused by the fall was likely to result in pneumonia, which caused the death of Bergenthal. The learned trial judge below in his opinion, after reviewing the evidence, tersely states his conclusion thus:

"The finding of the *Commission* that the death of Bergenthal proximately resulted from his fall is not open to the charge of being mere conjecture. It is rather the reasonable and logical inference and deduction from the sufficiently established facts in the case. Internal traumatic injuries do result from concussions incident to falls, pleurisy does develop from internal trauma, pneumonia does follow pleurisy, and death does follow pneumonia—not always, perhaps not even as a general rule, but certainly at times and under conditions such as existed in this case. The deceased, previously healthy, did have a fall of considerable severity, he was externally bruised, 'black and blue,' suffered great pain, and in the logical time he developed pneumonia and died. If under these circumstances the *Commission* was convinced that causal relation existed between the fall and death of the deceased, it was an exercise of judgment based on established facts, and the court cannot interfere."

Some point is made that hearsay evidence was allowed, but the court below in his opinion in the case expressly states that in his determination of the matter all hearsay testimony was excluded and not considered by him in arriving at his decision. It is clear that there is sufficient competent evidence to support the award.

Contention is made by counsel for appellant that the testimony of the widow, *Clara Bergenthal,* respondent here, was incompetent, because contrary to sec. 4069, Stats., which provides that "No person . . . in his or its own behalf or interest nor any person . . . from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him person-

ally with a deceased person. . . ." This contention is unsound. The widow here does not claim "from, through or under" deceased. Her claim is by force of and under the statute, not from or through deceased. She does not derive her interest from, through, or under deceased. Her right to recover is based upon the statute. *Robertson v. Dow,* 155 Wis. 605, 145 N. W. 652.

2. It is further contended that the court erred in holding that the applicant's failure to give the notice required by sec. 2394—11, Stats., precludes recovery. This statute requiring notice contains the following provision:

". . . that any payment of compensation under sections 2394—3 to 2394—31, inclusive, in whole or in part, made by the employer before the expiration of said thirty days, shall be equivalent to the notice herein required; and provided, further, that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a bar to recovery . . . if it is found as a fact in the proceedings for collection of the claim that there was no intention to mislead the employer, and that he was not in fact misled thereby; . . ."

We think the instant case comes clearly within the above provision. The *Commission* found upon sufficient evidence "that no written notice was served upon the respondent within the thirty-day period required by law, but that respondent had actual notice of the accident within ten days. That there was no intention on the part of the applicant to mislead respondent by failure to give notice, and that respondent was not in fact misled thereby."

The burden of proof to show that appellant was misled and prejudiced by lack of notice was upon appellant. *Pellett v. Industrial Comm.* 162 Wis. 596, 156 N. W. 956.

The circuit judge in his opinion in the case stated:

"I am also of the opinion that the facts warrant the finding that the *A. Breslauer Company* had actual knowledge of the injury at the time it occurred, and that in no event was there any intention on the part of any one to mislead said

company, nor was said company in fact misled by failure to give the statutory notice."

Upon the whole record we are convinced that no error was committed upon the trial and that the judgment below is right and should be affirmed.

*By the Court.*—Judgment affirmed.

OWEN, J., took no part.