CONNOR LUMBER & LAND COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 13—December 9, 1930.*

For the appellant there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Ray B. Graves.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Naujoks.*

FRITZ, J.  The only question on this appeal is whether there is credible evidence to sustain the commission's finding that at the time of injury the defendant Kufner was an employee of plaintiff within the provisions of the state com-

pensation act. Plaintiff contends that Kufner was an independent contractor. Credible evidence fairly admits of findings to the following effect:

Plaintiff was engaged in extensive logging operations. In October, 1928, Kufner and Sam Bumblich worked together as employees of plaintiff in sawing and placing skidways, for which each was paid $2.70 per day. About a week before Kufner was injured on November 2, 1928, plaintiff's woods superintendent orally arranged with Kufner to have him cut and grade a sleigh road through the timber. The work required the removal of trees and undergrowth for a sixteen-feet-wide passageway, and the grading and bridging of a ten-feet-wide sleigh road. At Kufner's request Sam Bumblich was to work with him, and they were to share equally the compensation of $6 for each one hundred feet of completed road. Before Kufner consented to do the work, the woods superintendent took him over the proposed course of the road and indicated its location by blazing trees. There was no agreement that Kufner was to complete the work or be continued by plaintiff on that work until the road was completed for any prescribed distance. The work was to commence at once and continue until prevented by cold weather, but there was no agreement as to the amount or length of time that was to be devoted to the work. Plaintiff continued to provide Kufner and Bumblich with all necessary implements, and also with board and lodging at a charge of $1 per day. They went to and from their daily work with plaintiff's other employees. There was also some evidence that it was plaintiff's custom to deduct $1 per month for hospital services, from the earnings of men employed in such road-construction work. As Kufner and Bumblich knew how that kind of work was usually done and had to be done to meet plaintiff's requirements, there was no occasion for any detailed direction or supervision by plaintiff. They worked along the course which had been blazed by plaintiff's superintendent, and he came out for

two days to see if the work was going on properly and according to the usual specifications. On the sixth day of the road work Kufner was injured by the falling of a tree which Bumblich was cutting down.

No credit was given Kufner or Bumblich in plaintiff's regular time book for the work performed by them on those six days. After Kufner's injury, plaintiff settled with Kufner's father for the son's share of the work by paying him at the rate of $6 per one hundred feet for one half of 1,260 feet which Kufner and Bumblich had completed when the injury was sustained.

As Kufner was injured while in the service of plaintiff, it will be presumed, for the purposes of the compensation act, that he was an employee, and the burden of proving otherwise is upon the party seeking to defeat compensation. *Habrich v. Industrial Comm.* 200 Wis. 248, 227 N. W. 877; *Allaby v. Industrial Comm.* 200 Wis. 611, 229 N. W. 193. The mere fact that Kufner's and Bumblich's earnings were to be computed at the rate of $6 per one hundred feet of completed road did not necessarily constitute either of them independent contractors or change their status as employees of plaintiff. *Allaby v. Industrial· Comm., supra.* As was rightly said by the learned circuit judge:

"To say that a person who had, up to the time here in question, been a common lumberjack laborer, is suddenly transformed into an independent contractor while doing work for the same corporation under which he had been an employee, just because he was thereafter to be paid by piecework instead of being paid by the month, is attempting to clothe him with a dignity and impose upon him responsibilities which neither the plaintiff nor Kufner ever contemplated."

Under the circumstances in this case, the question of status cannot be solved by resorting merely to the usual test of whether the proprietor, for whom the service was being performed, retained the right to control the details of the work. There was no express agreement between the parties

on the subject of control or supervision. Kufner and Bumblich knew how plaintiff expected the work to be done, and they were experienced in doing it. After plaintiff's superintendent had indicated the course by blazing trees, the simple nature of the work, when performed by experienced men, obviated the necessity for detailed supervision. In this case, as in *Habrich v. Industrial Comm., supra*, in view of the nature of the work and Kufner's experience and the proper manner in which he was apparently performing, there had arisen no occasion for the exercise of any control or supervision by the proprietor excepting in so far as plaintiff's superintendent had made inspections on two of the six days to see if the work was being performed to meet plaintiff's usual requirements.

On the other hand, in this case there did not exist any of the other circumstances which in the cases relied upon by appellant were considered of controlling consequence in overcoming the presumption, above referred to, that a man engaged like Kufner continues to be an employee of the person for whom he was rendering service when injured. In this case we have no such explicit contractual provisions as in *Kneeland-McLurg L. Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199. In that case there was a written contract for the construction of a logging railroad grade, which expressly provided that the parties who were to do the work were to do so as independent contractors, and then, consistent with obligations and duties which are generally imposed upon those who adopt that status and undertake to perform as independent contractors, the contract also expressly required the construction to be done in accordance with certain specifications therein stated; that the contractor was to furnish all necessary tools, dynamite, and supplies; that the manner of performance and control over the details of the work rested entirely with the contractor; that he

was diligently to proceed with the work with a sufficient number of men to complete the same; and that he was to carry ample liability insurance to protect the Kneeland-McLurg Lumber Company from liability on account of accident to any employee. Clearly, the unequivocal proof as to the respective rights and obligations of the parties, under the provisions of that contract, and the express declaration consistent with those provisions, that the status of the party who was to perform the work was that of independent contractor, established that that party was not merely an employee of the lumber company. There was no such proof in the case at bar.

In the absence of proof which negatived the presumption that Kufner continued in the employment of plaintiff while he was continuing in the service of plaintiff, the findings and conclusions of the Industrial Commission were warranted, and its award was rightly affirmed by the judgment of the circuit court.

*By the Court.*—Judgment affirmed.