DRYDEN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

BRUUN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 10—June 6, 1933.*

‚For the appellants the cause was submitted on the brief of *J. V. Ledvina* of Park Falls, attorney, and *W. K. Parkinson* of Phillips of counsel.

For the respondents there was a brief by the *Attorney General* and *Herbert H. Naujoks* and *Mortimer Levitan,* assistant attorneys general, and oral argument by the *Attorney General* and *Mr. Naujoks.*

The following opinion was filed April 11, 1933:

ROSENBERRY, C. J.    The only question involved· upon this appeal is one of fact.    The burden was upon the plaintiffs to establish the relation of employer and employee between the decedents and the Conservation Commission acting for the state.    Unless they were so employed they had no claim against the state.    Upon this point the trial court said:

"The plaintiffs' claims are predicated upon a contract of employment alleged to have been made between Arnold and the decedents on the afternoon of the accident.

"Arnold testified that he had charge of the fire situation there; that he had asked the decedents on several occasions to fight fires, but that they had refused, one stating they could earn more peeling cedar logs; that he met them at 1:22 of that day and asked them if they would consider fighting fires; that they agreed and left for the fire area.

"As affecting this testimony, it appears that Arnold was a brother-in-law of one decedent and had been a business partner of another; that when called upon by the Conservation Commission to make a full disclosure of the facts he made no mention of having hired the deceased to fight forest fires; that he changed his story to the field investigator

of the attorney general's department, and first told him that he had never hired the deceased to fight fires; that they refused that same morning, and that these men never consented to work for the commission; that these men said they were going into the forest to see what they could do; that 'they did not have an agreement to work for the Conservation Commission though; that they had timber holdings of their own near by, and were also employed by certain companies whose property was endangered.' "

The record abundantly supports the conclusion of the trial court that the commission was justified in making the finding it did upon the evidence. It is the claim of the plaintiffs that there is no material dispute in the testimony. It is apparent that the determination of the facts depends in large measure upon the credibility of the witness Arnold. Upon the whole case the Industrial Commission did not regard his testimony to the effect that he had hired the decedents as credible, it being contradicted by other evidence and many circumstances in the case, the general character of which has already been indicated.

It is considered upon the whole record that the finding of the Industrial Commission is supported by the clear weight and fair preponderance of the evidence and that the trial court was not in error in refusing to set the determination of the Industrial Commission aside.

*By the Court.*—The judgment in each case is affirmed.

A motion for a rehearing was denied, with $25 costs in one case, on June 6, 1933.