KOLMAN, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*September 10—October 8, 1935.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and by *Fred L. Holmes* of Madison, attorney for Frank Dvorak, and oral argument by *Mr. Levitan* and *Mr. Holmes.*

For the respondent there were briefs by *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst.*

NELSON, J. Frank Dvorak was injured while engaged in the work of cutting tie logs in the woods. The only controverted question before the commission was whether Dvorak was an employee or an independent contractor. Notwithstanding the fact that this court recently called the attention of the Industrial Commission to its duty to make findings of fact where there is any dispute as to the material facts, *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194, the commission in this case simply found that at the

time Dvorak was injured he "was in the employ of" Kolman. That finding is clearly a mere conclusion of law.

While we may not disturb the commission's findings of fact, if there be competent credible evidence to support them, we are not bound by its conclusions of law, but may review the facts to ascertain whether the commission exceeded its authority in making its conclusions of law. *Gomber v. Industrial Comm., ante,* p. 91, 261 N. W. 409, where numerous prior decisions to that effect are cited.

. This court has often pointed out the difference between the relation of master and servant and that of employer and independent contractor. *Madix v. Hochgreve Brewing Co.* 154 Wis. 448, 143 N. W. 189; *James v. Tobin-Sutton Co.* 182 Wis. 36, 195 N. W. 848; *Miller & Rose v. Rich,* 195 Wis. 468, 218 N. W. 716; *Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288; *Kruse v. Weigand,* 204 Wis. 195, 235 N. W. 426. It has consistently held that the most significant *indicium* of an independent contractor is his right to control the details of the work. The principal test to be applied in determining whether one rendering services for another is an employee or an independent contractor is whether the employer has the right to control the details of the work. This is the dominant test, although there are other things to be considered, such as the place of the work, the time of the employment, the method of payment, and the right of summary discharge of employees. *Habrich v. Industrial Comm.* 200 Wis. 248, 227 N. W. 877 Notwithstanding the fact that the law applicable to a controversy like this is well settled, no attempt was made by the commission to find the facts. No facts were found as to whether Kolman reserved the right to control the details of the work, whether he had the right to control the details of the work, or whether he attempted to control, or to exercise the right to control, the details of the work, which may be

considered, when the terms of the contract are in doubt, as an aid in construing the contract. *Badger Furniture Co. v. Industrial Comm., supra.*

In this case the record reveals that, with the exception of certain answers of Dvorak which merely expressed his own conclusions as to his status, the testimony is undisputed as to the arrangement entered into by Kolman with the four men who were engaged in the work of cutting ties. Kolman resided at Muscoda. He had no regular business, but was engaged in the business of threshing, shredding, logging, and the like. He obtained a contract to furnish approximately five hundred ties. He owned no timber land, but contracted with certain farmers to cut ties on their lands and to pay them ten cents for each tie log cut. Four men, Briggs, Victora, Robovitz, and Dvorak, residing in Muscoda, were anxious for employment and often inquired of Kolman for work. After Kolman had made arrangements for the timber, he told them that they could go into the woods and cut approximately five hundred tie logs, the dimensions of which were specified, and that he would pay them five cents per cut. The contract was oral. The four men went into the woods and engaged in the work of cutting the tie logs. They furnished their own tools, with the exception of one saw, which was loaned by Kolman to Victora. Briggs kept account of the cuts made. Kolman periodically counted the logs cut, multiplied that number by five and divided the total sum by four. He then gave to each of them his check for one-fourth of the amount due. Two of Dvorak's associates, Briggs and Victora, testified to facts which would permit only of the conclusion that they were their own bosses and were performing the services as independent contractors. According to their testimony, they were permitted to work when they wanted to work, to work as little or as much as they desired, to quit when they felt like quitting, to do the work of cutting tie logs in their own way, with no instructions or directions

from Kolman. The testimony of Kolman was to the same effect. Dvorak did not dispute their testimony, but did testify to his conclusions as follows:

"I was injured in 1932 *when I was working for Kolman.*"
"*I was working for Kolman* on the 14th of April, the day I was injured."

These answers obviously merely express his own conclusions and are without probative value in determining whether his status was that of employee or independent contractor. The following question was asked him, and in response thereto he made the following answer:

"Did Ed. Kolman tell you that Mr. Robovitz and Mr. Briggs and Mr. Victora were willing to cut logs if you were willing to go in with them?"
"A. Yes. I told him I would but then Ed. Kolman did not tell me Vandy [Victora] was going in, he just told me Ed. Robovitz and Briggs was going in."

Dvorak testified that Kolman always took the men out to the timber land in his own car. He expressly testified that Kolman did not pick out the trees to be cut, but simply told the men to pick out the best trees. Eliminating Dvorak's conclusions that he was working for Kolman, there is no testimony which supports the conclusion that he was working as an employee. In our opinion the testimony compels the conclusion that Dvorak and his associates were rendering services to Kolman in the capacity of independent contractors, and that the circuit court was right in so holding.

The commission cites *Allaby v. Industrial Comm.* 200 Wis. 611, 229 N. W. 193, and *Connor L. & L. Co. v. Industrial Comm.* 203 Wis. 85, 233 N. W. 559. Both of those cases are clearly distinguishable, in that in each of those cases testimony was adduced tending to prove that the employer not only had the right to control the details of the work but actually exercised that right.

The commission further contends that the award of the commission should be upheld under the rule that, "where the facts disclosed show that one is injured while in the service of another, for the purposes of the compensation act it will be presumed that the person injured was an employee, and that the burden of proving otherwise rests upon the one seeking to defeat compensation." *Habrich v. Industrial Comm., supra.* In our opinion, that presumption is in no sense controlling here, since it was completely overthrown by the testimony hereinbefore reviewed.

We are heartily in accord with what was said in *Tesch v. Industrial Comm., supra:*

"In cases where the evidence is evenly balanced and an inference may be drawn one way as easily as another, the scale should be turned in favor of the claimant, principally because it was the intent and purpose of the act to bring border-line cases under it and to close up avenues of escape which would naturally be suggested to those seeking to evade liability under the act."

But the doctrine of that case has no application to the facts of this.

We think this case presents a situation quite similar to that in *Medford L. Co. v. Industrial Comm.* 197 Wis. 35, 221 N. W. 390, and is ruled by that case.

*By the Court.*—Judgment affirmed.