Town of Eagle and another, Respondents, vs. Industrial Commission and another, Appellants.

*March 5—March 31, 1936.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Grelle & Schlotthauer* of Madison, and oral argument by *Robert C. Grelle.*

MARTIN, J. The employment of the defendant Mathews by the respondent town of Eagle is conceded. The sole question is, Was he an employee or an independent contractor? The Industrial Commission has found the relationship to be that of an employee. When injured, Mathews was executing instructions received from the town chairman. He had been directed as to what reinforcing irons to get, where to get them, and to return to the job with the least possible delay. In *Habrich v. Industrial Comm.* 200 Wis. 248, 254, 227 N. W. 877, the court said:

"Furthermore, we hold that where the facts disclosed show that one is injured while in the service of another, for the purposes of the compensation act it will be presumed that the person injured was an employee, and that the burden of proving otherwise rests upon the one seeking to defeat compensation."

To the same effect, see *Allaby v. Industrial Comm.* 200 Wis. 611, 229 N. W. 193; *Connor L. & L. Co. v. Industrial Comm.* 203 Wis. 85, 233 N. W. 559; *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 516, 250

N. W. 396. In *Kolman v. Industrial Comm.* 219 Wis. 139, 262 N. W. 622, 623, the court said:

"The principal test to be applied in determining whether one rendering services for another is an employee or an independent contractor is whether the employer has the right to control the details of the work. This is the dominant test, although there are other things to be considered, such as the place of the work, the time of the employment, the method of payment, and the right of summary discharge of employees."

In the instant case, the work to be done by Mathews was simple in character. He was required to do only the things directed to be done by the town chairman, namely, to drive to Richland Center, go to the place he was to get the reinforcing rods, get the number of rods directed by the town chairman, and return to the bridge under repair with the least possible delay, for which service the town would later pay him "whatever was right." There could be little else necessary for the town to control or direct. In determining the right to control in any given case, we must consider what there is to control. See *Allaby v. Industrial Comm., supra,* wherein this court said:

"However, in view of the simple nature of the work, there was no occasion for detailed directions or constant supervision. . . ."

The fact situation in the instant case is similar to that in *Ronning v. Industrial Comm.* 185 Wis. 384, 389, 200 N. W. 652. In that case Carter, the deceased, was engaged to drive a car from Minneapolis to Rice Lake. No direct supervision of details was contemplated by either party. This court said:

"It is true that at the time the deceased was engaged nothing was said with reference to the manner in which the work was to be done. From the very nature of the engagement it would appear that Ronning would have no actual supervision or direction of the work; and it does not appear from the evidence that any specific directions were given. The actual performance, therefore, was largely if not exclusively left to

the judgment and discretion of the deceased and of Nels Ronning; but while no actual detailed directions or instructions were given as to the manner of performance of the work, it must be apparent from all the facts and circumstances in the case that Ronning nevertheless had the power of direction and instruction. He could exercise this power or not, as he saw fit."

It was held that Carter was an employee and not an independent contractor. So here, it must have been apparent to the town chairman that Mathews would perform the services required according to instructions given. It appears that on former occasions Mathews was employed by the town and was compensated on a time basis, and it may fairly be inferred that he would be so compensated for his services on the day in question.

On the facts disclosed, without relying upon the presumption that Mathews was an employee, we must hold that there is credible evidence to sustain the finding that he was an employee of the respondent town at the time of his injury.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to reinstate the award of the Industrial Commission and to affirm such award.