J. ROMBERGER COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION, Defendant: RENNER, Appellant.

*February 16—March 12, 1940.*

For the appellant there was a brief by *Zimmers, Randall & Zimmers* of Milwaukee, and oral argument by *C. A. Randall*.

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman*.

FRITZ, J. The Industrial Commission's award, which was vacated by the judgment under review, was for the payment of death benefits under the Workmen's Compensation Act on account of the injury and death of Henry M. Renner on June 13, 1938. As the commission's examiner, I. M. Kittleson, stated in making his findings upon the proof submitted in support of the application, the principal question in dispute is whether Henry M. Renner was an independent contractor or an employee of J. Romberger Company (hereinafter referred to as the "corporation"), at the time of his injury. The examiner found and concluded that shortly prior to his injury Renner had agreed with the corporation to replace slate shingles on the damaged roof of a church for the sum of $35; that he was not under supervision by the corporation, and it had no right of control over the details of the work which he agreed to perform; that he was an independent contractor at the time of his injury, and not subject to the compensation act; and that therefore the application must be dismissed. Upon a petition for review of the examiner's order, it was set aside by the commission, which concluded that Renner was an employee of the corporation, and therefore made the award which was vacated by the judgment of the circuit court, from which this appeal was taken.

It appears upon a review of the record that the undisputed evidence establishes conclusively that J. Romberger Company was engaged in doing general sheet-metal work; and that Renner, as his business card read, was a steeple jack, and as such contracted to do work on church buildings, and occasionally called on the corporation to have metal work done and to see if it had any business for him. When the corporation contracted to repair metal gutters and replace slate shingles on the damaged roof in question, its secretary met Renner at the church to ascertain what shingles were to be replaced. It was agreed between them that for the price of $35 to be paid Renner by the corporation he would replace the shingles and would furnish his own ropes, ripper, and slate hammer; and that the corporation was to furnish the materials, and allow Renner to use its ladders and ladder hook, which it had at the church for its use in making the other repairs. The $35 payment to Renner was to be for the complete job, regardless of how long it took him, and he could employ helpers at his expense if he wished to use them. The corporation could not discharge him, but, if he failed to complete the work properly, it could have insisted upon proper completion and refused to pay until that was done. Renner was an experienced roofer and the work was simple and could be done in only one way by putting the slate back in the way it dropped out. There was no occasion for supervision of Renner in his performance of the agreed work, and he had the right to control the details thereof. These facts compel the conclusion that Renner, at the time of his injury, was an independent contractor under the tests applicable in determining the status of one who is injured while performing some service for another. (See cases cited in *Huebner v. Industrial Comm., post,* p. 239, 290 N. W. 145; *Kolman v. Industrial Comm.* 219 Wis. 139, 141, 262 N. W. 622.) The mere right on the part of the corporation to refuse to accept performance if incomplete or defective did not constitute such control as to render the relationship that of employer

and employee. *Knceland-McLurg Lumber Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199. On the other hand, that Renner's contract was to perform the entire job for a specified price, and that he could do so in his own way, either alone or with helpers hired by him, and that the corporation could not have discharged him at its whim or caprice without becoming liable for breach of contract, are matters of considerable significance in establishing that he was an independent contractor. *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452; *Habrich v. Industrial Comm.* 200 Wis. 248, 254, 227 N. W. 877; *Kneeland-McLurg Lumber Co. v. Industrial Comm., supra.*

The commission's error in holding that the relationship was that of employer and employee was apparently due to its conclusion that the corporation "has not met the burden placed upon it of proving that the relationship was not that of an employer and employee." The commission considered that conclusion warranted by the statement in *Habrich v. Industrial Comm., supra,* that,—

"where the facts disclosed show that one is injured while in the service of another, for the purposes of the compensation act it will be presumed that the person injured was an employee, and that the burden of proving otherwise rests upon the one seeking to defeat compensation."

In reaching its conclusion, the commission however overlooked the proposition that "that presumption is a rebuttable presumption, and ceases to have force or effect when evidence to the contrary is adduced" (*Huebner v. Industrial Comm., supra; Tiffany v. Industrial Comm.* 225 Wis. 187, 273 N. W. 519), and that therefore in this case, when the presumption ceased to be effective, because of the undisputed evidence to the contrary, then the fact that the services which Renner was performing were for the benefit of the corporation was of no probative value; and that there continued to be applicable the rule that in a compensation case the burden is upon the applicant to establish the relationship of employer

and employee. *Dryden v. Industrial Comm.* 211 Wis. 681, 247 N. W. 850.

Appellant contends that the examiner erred in overruling his objections to testimony given by the secretary of the corporation in relation to his transactions with the deceased Renner. Appellant claims that by reason of sec. 325.16, Stats., the secretary was barred from testifying as to any transaction or conversation with the deceased. The contention cannot be sustained. The statute was not applicable because to bar the secretary's testimony thereunder either (1) he would have to be a "person from, through or under whom a party [to the action] derives his interest or title" (which is not the situation in this matter), or (2) the "opposite party" (*i. e.,* herein the applicant for compensation) would have to derive his title or right to the cause of action "from, through or under" the deceased. That is not the case in this matter, because an applicant seeking death benefits under the compensation act, as a dependent of a deceased employee, does not derive his title or right thereto "from, through or under" the deceased. See *A. Breslauer Co. v. Industrial Comm.* 167 Wis. 202, 205, 167 N. W. 256, in which the court said,—

"Contention is made by counsel for appellant that the testimony of the widow, Clara Bergenthal, respondent here, was incompetent, because contrary to sec. 4069, Stats., which provides that, 'no person . . . in his or its own behalf or interest nor any person . . . from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased person. . . .' This contention is unsound. The widow here does not claim 'from, through or under' deceased. Her claim is by force of and under the statute, not from or through deceased. She does not derive her interest from, through, or under deceased. Her right to recover is based upon the statute. *Robertson v. Dow,* 155 Wis. 605, 145 N. W. 652."

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.