Scholz, Appellant, vs. Industrial Commission and others, Respondents.*

*April 9—May 4, 1954.*

* Motion for rehearing denied, without costs, on June 18, 1954.

34

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CURRIE, J.  The sole issue on this appeal is whether Scholz, at the time of his injury, was an employee of Hanson or an independent contractor.

As was recently pointed out in *St. Mary's Congregation v. Industrial Comm.* (1953), 265 Wis. 525, 62 N. W. (2d) 19, the principal test for determining if a relationship of employer-employee exists, is whether the alleged employer has the right to control the details of the work.  Although such is the principal test for determining the relationship, there are other subsidiary or secondary tests to be applied, such as the method of payment of compensation, and the presence or absence of the right of the employer to summarily terminate the contract or hiring. *Kolman v. Industrial Comm.* (1935), 219 Wis. 139, 141, 262 N. W. 622.

From the statement of facts set forth preceding this opinion it is apparent that Hanson was only interested in the ultimate result of having his logs hauled from the woods to the mills in Merrill and had no right to control the details of how Scholz performed his contract of hauling.  The fact that no hours were set for the time of performance by Scholz is evidence of this lack of right of control on the part of Hanson.  Furthermore, the fact that Scholz, after his injury, substituted one of his other employees as driver of the truck without even consulting Hanson about the matter indicates that the contract was one not calling for the personal services of Scholz.  Counsel for Scholz contends that Hanson directed Scholz in the manner in which he loaded the truck with logs but we do not find such contention supported by the testimony.

We now turn to the method of payment of compensation.  Instead of Hanson agreeing to pay Scholz at a fixed hourly or daily rate, the compensation was based upon the quantity of logs hauled, which compensation was not broken down so as to segregate the amount due for personal services apart from that due for use of the truck.  Furthermore, no deduc-

tion was made for social-security taxes or the withholding of federal income taxes. Lastly, while Hanson's regular employees were paid their wages every two weeks, the compensation due Scholz under his contract was paid to him at the end of the logging season, although he was free to have demanded partial payments as the performance progressed. All of these facts tend to establish Scholz's relationship to Hanson to have been that of independent contractor rather than employee.

The verbal contract made between Hanson and Scholz provided that Scholz was to do all of Hanson's hauling during the logging season of the winter 1949–1950. If Hanson had attempted to terminate the contract before the end of the logging season, Scholz clearly would have been entitled to recover any damages sustained for breach of contract. There was, therefore, no right of summary discharge or termination on the part of Hanson, which is further evidence that Scholz's relationship to Hanson was that of independent contractor.

The strongest piece of evidence tending to support Scholz's claim that he was an employee, and not an independent contractor, is the fact that Hanson included Scholz on his pay roll for purposes of workmen's compensation insurance coverage with Employers Mutual. The legal effect of this is ably covered by the memorandum decision of the learned trial judge and we quote therefrom as follows:

"This would be the standard case of independent contractor v. employee, were it not for plaintiff's contention that defendant Hanson and his insurer are estopped to deny that plaintiff was an employee, because he was carried on the pay roll and the insurance company accepted premium on the risk.

"There is, in our opinion, some justice in plaintiff's position that under these circumstances the employer should be held to have waived his defense and the insurance company should be held liable.

"However, such is not the Workmen's Compensation Law of Wisconsin. The rule seems to be, under this statute, that in each case we must determine exactly what the status of the man is and that what he is represented to be or held out to be or insured to be, is not in any sense controlling.

"We have had cases where parties sought to set up a partnership agreement, which would avoid the compensation act, and this has been held for nought and the determination made that the relation was that of employer and employee, regardless of the expressed intention of the parties. *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170.

"Cases have arisen where national unions have worked out contracts purporting to be employment contracts and the Wisconsin commission has stepped in and stated that it will find the arrangements according to the actual facts as the commission sees them, irrespective of what the parties have indicated. See *Schmidlkofer v. Industrial Comm. et al.,* circuit court for Dane county, March 20, 1953. [Affirmed 265 Wis. 535, 61 N. W. (2d) 862.]

"Considerations of abridging freedom of contract and overlooking an estoppel by the parties are urged by plaintiff in the present case. These elements have been waived aside in more than one instance and with legal impunity.

*"Porter v. Industrial Comm.* 173 Wis. 267, 271, announces the applicable rule in workmen's compensation cases in Wisconsin:

" ' . . . The rights of the parties established by the provisions of the compensation laws cannot be enlarged, restricted, or modified in respect to claims and liabilities within their scope. Whatever they did in attempting to provide insurance for the liabilities arising under the compensation act may effectively aid in determining the nature of the insurance contract, *but such contract cannot create* any right or destroy a liability governed by the act. (Our italics.)' "

Both in the brief submitted in behalf of Scholz, and also in the oral argument, his counsel asserts the proposition that the contention made on this appeal by the defendants, that Scholz was an independent contractor at the time of his injury, is in the nature of an affirmative defense the burden to

prove which was upon the defendant Employers Mutual; and, therefore, Employers Mutual waived such defense by accepting premiums from Hanson covering a pay roll which included Scholz's compensation and by making payments of benefits to Scholz after the accident. This constitutes a misconception by counsel of the functioning of the Workmen's Compensation Act. In order for an applicant employee to establish a valid claim for workmen's compensation benefits against an alleged employer or the latter's insurance carrier, the employee has the burden of establishing that he was *the employee* of such alleged employer at the time of injury. Sec. 102.03 (1) (c), Stats. This must be so because otherwise the applicant could not establish, as required by such subsection, as a condition precedent to recovery of benefits, that "at the time of injury, the employee is performing service growing out of and incidental to his employment." We, therefore, have no issue presented of a so-called affirmative defense which is subject to waiver, but rather a failure of the applicant to prove an essential element of his case, viz., that he was the employee of Hanson at the time of injury.

Furthermore, sound public policy requires that the voluntary payment of medical expenses or other benefits by a self-insured employer, or by the insurance carrier of an insured employer, to an alleged employee who has sustained an injury, should never constitute an admission of liability to the detriment of such payor. Such payments are often made as the result of humane impulse on the part of the employer and such a policy should be encouraged rather than discouraged. Although the payments in the instant case may have been made by Employers Mutual because it deemed itself legally liable therefor to Scholz, it would be an unworkable rule to make the test of whether or not payment of benefits constituted an admission of liability depend on the particular motive that actuated the payment.

Counsel for plaintiff Scholz advance one further argument on this appeal as to the legal effect of Hanson including Scholz on his pay roll for workmen's compensation purposes. Such contention is that such act on Hanson's part constituted an election by Hanson to include Scholz under the Wisconsin Workmen's Compensation Act as expressly authorized by sub. (4) of sec. 102.07, Stats., which in part provides as follows:

"Every person in the service of another under any contract of hire, express or implied, all helpers and assistants of employees, whether paid by the employer or employee . . . but not including (a) farm laborers, (b) domestic servants, (c) any person whose employment is not in the course of a trade, business, profession, or occupation of his employer *unless, as to any of said classes, such employer has elected to include them.*" (Italics supplied.)

However, such subsection is only applicable to a situation of employer and employee, and has no application to an independent contractor, such as Scholz. This is so because of the use by the statute of the words *"person in the service of another under any contract of hire."* The obvious purpose of the particular subsection is to provide that employers may bring classes of employees who are normally excluded from the operation of the act (such as farm laborers, domestic servants, and persons whose employment is not in the course of trade), under the act by evidencing an election to do so by providing workmen's compensation insurance coverage as to them.

The further argument is advanced that even though Scholz may be held to be an independent contractor, nevertheless, he is entitled to recover workmen's compensation benefits for his injury because of the provisions of sub. (8), sec. 102.07, Stats., which provides in part as follows:

"Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an

employer subject to this chapter . . . shall for the purpose of this chapter be an employee of any employer . . . for whom he is performing service in the course of the trade . . . or occupation of such employer at the time of the injury."

There are two reasons why the above-quoted subsection is not applicable in the instant case, viz., (1) Scholz did maintain a separate business and held himself out to render bulldozing and hauling service to the public; and (2) Scholz was himself an employer subject to the act inasmuch as he carried workmen's compensation insurance on his own two employees. Counsel for Scholz contend that the hauling of logs by Scholz was a business separate and apart from his bulldozing, and point to the fact that Hanson was the only customer for whom Scholz had done hauling. However, Scholz by his own act of having painted on his truck, below his name and address, the words "Hauling and bulldozing" indicated that he considered he was engaged in a single business. While it is true that Hanson is the only person for whom he had done hauling, there is nothing to indicate that he would not have done hauling for anyone who had submitted to him an offer such as Hanson had.

By the Court.—Judgment affirmed.

The following opinion was filed June 18, 1954:

CURRIE, J. (on motion for rehearing). In the plaintiff Scholz's brief in support of his motion for rehearing it is suggested that our former opinion herein has the effect of overruling Habrich v. Industrial Comm. (1929), 200 Wis. 248, 227 N. W. 877.

The Habrich Case involved the question of whether one Bent, whose widow applied for workmen's compensation benefits as the result of his death, was at the time of his fatal injury an employee of the plaintiff Habrich or an independent contractor. It was contended that there was no competent evidence before the Industrial Commission by

which it could determine whether Bent was an employee, and in passing on such contention this court stated (p. 254):

"Furthermore, we hold that where the facts disclosed show that one is injured while in the service of another, for the purposes of the compensation act it will be presumed that the person injured was an employee, and that the burden of proving otherwise rests upon the one seeking to defeat compensation."

In the subsequent case of *Huebner v. Industrial Comm.* (1940), 234 Wis. 239, 290 N. W. 145, 126 A. L. R. 1113, Mr. JUSTICE NELSON, speaking for the court, declared (p. 243):

"They [the defendants] further contend that where it appears that one is injured while performing services for another it will be presumed, for the purposes of the compensation act, that the person was an employee, and therefore the burden to prove otherwise rests upon him who seeks to defeat compensation. *Habrich v. Industrial Comm., supra; McKesson-Fuller-Morrisson Co. v. Industrial Comm.* 212 Wis. 507, 250 N. W. 396; *Kolman v. Industrial Comm., supra. That presumption, however, is a rebuttable presumption, and ceases to have force or effect when evidence to the contrary is adduced."* (Emphasis supplied.)

The principle so announced in the *Huebner Case*, that the presumption as to there being an employee-employer relationship is a rebuttable one which disappears upon the introduction of evidence to the contrary, has been approved by this court in *J. Romberger Co. v. Industrial Comm.* (1940), 234 Wis. 226, 229, 290 N. W. 639; *Hume v. Industrial Comm.* (1945), 248 Wis. 5, 8, 20 N. W. (2d) 573; and *Green Valley Co-op. Dairy Co. v. Industrial Comm.* (1947), 250 Wis. 502, 506, 27 N. W. (2d) 454.

The above-quoted extract from our opinion in the *Huebner Case* is consistent with the statement in our original opinion herein, wherein we declared that the burden of proving that

41c

the applicant was an employee at time of injury is upon the applicant, and that the issue as to whether he might have been an independent contractor, and not an employee, does not present an affirmative defense. However, the applicant has the benefit of the presumption, that if at the time of accident the applicant were rendering service for the alleged employer the relationship of employer and employee existed. This presumption makes it unnecessary for applicant to offer any testimony on the point in presenting his side of the case originally inasmuch as the presumption constitutes *prima facie* proof as to that issue.

However, we do disapprove of the statement made in the opinion in the *Habrich Case* that the effect of such presumption is to cast the burden of proving otherwise upon the employer or his insurance carrier. The burden of proof never shifts but the burden of proceeding with the presentation of evidence does shift to the other side where the party seeking relief has the benefit of a rebuttable presumption. As to this point, Mr. Justice BARNES, in his opinion in *Murphy v. Estate of Skinner* (1915), 160 Wis. 554, 152 N. W. 172, declared (p. 564):

"It is not accurate to say that the burden of proof has been shifted because a *prima facie* case has been made. Where the plaintiff has the burden of proof at the beginning of a trial it remains with him to the end."

*By the Court.*—Motion for rehearing denied without costs.