STANDARD OIL COMPANY (INDIANA), Plaintiff and Respondent, vs. INDUSTRIAL COMMISSION and others, Defendants and Appellants : TABBERT, Defendant and Respondent.

*December 4, 1941—January 13, 1942.*

458

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellants Emil Krueger and Lumbermens Mutual Casualty Company there was a brief by *M. T. Lee* and *John L. Schlatterer,* both of Milwaukee, and oral argument by *Mr. Schlatterer.*

For the respondent there was a brief by *Thomas, Orr & Isaksen,* attorneys, and *San W. Orr* and *Joseph G. Werner* of counsel, all of Madison, and oral argument by *Mr. Orr.*

MARTIN, J.    The judgment of the lower court vacated and set aside the findings and order of the Industrial Commission dated August 24, 1940.    It further directed the commission to find that Krueger was the employer of Tabbert and

to enter an award in his favor, and directed Lumbermens Mutual Casualty Company to pay compensation. The trial court has correctly interpreted our former opinion in this case. Apparently the Industrial Commission concluded that because the case was remanded to it for a finding as to the Krueger-Tabbert relationship the court regarded that as a disputed fact. There is no basis for any such interpretation of our former opinion. The facts then and now are not in dispute. Whether certain facts create a legal relationship of employer and employee is a question of law. On the former appeal, page 502, the court said:

"Reference to the Workmen's Compensation Act (ch. 102, Stats.) shows that an *employer* is a person usually employing three or more persons, or who has entered into a contract of insurance for compensation or against liability therefor, and that an *employee* is a person in the service of another under a contract of hire, including helpers. *Under these tests Krueger, as held below, is Tabbert's employer and hence liable for the compensation.*"

If this court had the power to make findings of fact when the facts are undisputed it would have done so on the former appeal, and would have found the facts in accordance with the opinion that Krueger was the employer of Tabbert and liable for compensation. Following the rule in *Frank Martin-Laskin Co. v. Industrial Comm.* 180 Wis. 334, 193 N. W. 70, the cause was remanded for further proceedings in accordance with the opinion. The court having held that Krueger was Tabbert's employer and hence liable for the compensation, it was the duty of the commission to so find the fact. The last sentence of the former opinion reads:

"When he [Krueger] is found to be the employer, the award must follow."

It will serve no useful purpose to make reference to the points discussed in the briefs of counsel on this appeal.

*By the Court.*—Judgment affirmed.