WALTER, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*June 5—July 3, 1953.*

For the appellant there was a brief and oral argument by *H. William Ihrig* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent International Harvester Company there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Carl Neprud Otjen*.

BROADFOOT, J. The primary contention of the plaintiff is that there is no credible evidence to support the finding of the Industrial Commission that applicant's complaint and disability were due to causes wholly unrelated to his alleged injuries of 1936 or his employment with the International Harvester Company.

There is no doubt that the plaintiff's spinal column is rigid due to a form of arthritis. This affected his spine, his hips, and to some extent, his shoulders. Because of treatments he received, together with the brace and a built-up shoe, he is now able to stand quite erect. His own doctor testified that his permanent disability would now amount to from three to five per cent. Dr. McNary testified that his condition was due to the injuries he received in 1936. Dr. Montgomery, on the other hand, testified as follows:

"The history, objective findings, and roentgenographic findings are consistent with spondylosis rhizomelic or Marie Strumpell's or spondylitis deformans arthritis of the back. The earliest X rays I reviewed were dated 4/1/38, the more recent X rays showed the usual progressive calcification of the intervertebral ligaments, ankylosis of the intervertebral articular facets and of the sacroiliac joints and degenerative arthritic changes in the hips, the elevated white-blood-cell count, the sedimentation rate are indicative of an active, generalized, infectious process. There was no roentgenographic evidence of trauma, that is, fractures or dislocations in any of the X rays or evidence of repair of such injuries and no objective neuropathologic changes to indicate an injury to the spinal cord or nerve routes, and I believe that any injury under those circumstances that Mr. Walter might have received in the two reported accidents was limited to musculoligamentous tears and that they did not influence the progress of his arthritis that involved the spine, sacroiliac joints,

and hip joints. That was the impression from the examination done on April 2, 1943.

". . . Following the three examinations I persisted in the opinion that whatever injuries he received in 1936 in the two reported accidents in no way influenced his arthritis and I thought he received insufficient injury in those accidents to give him any permanent disability. I believe the likelihood of such tears of the ligaments and muscles that he might have received should have healed in anywhere from six to possibly twelve weeks."

The plaintiff contends that Dr. Montgomery's testimony is inconsistent, is based upon speculation and conjecture, and that it is not in harmony with good medical doctrine. The plaintiff cites as the true doctrine two medical books by a German doctor. One was entitled "Textbook of Medicine," by Dr. Adolph von Strumpell, the American edition in English being published in 1913. The other was a German edition of "Textbook of Special Pathology and Therapy," published in 1914 by the same doctor. The books are not properly a part of the record. However, we deem this to be immaterial.

It is sufficient to say that the burden of proof was on the claimant, that the commission was the judge of the credibility of the witnesses, that its finding is amply supported by competent evidence, and we cannot disturb such finding. This finding defeats the plaintiff's claim and it is unnecessary to consider his contentions as to the statute of limitations.

*By the Court.*—Judgment affirmed.