La Favor, Appellant, v. Industrial Commission and others, Respondents.

*June 1—June 25, 1965.*

For the appellant there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Albert J. Goldberg*.

For the respondent Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents Jack Levings, Kenneth Levings, and Shelby Mutual Insurance Company there was a brief by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* of counsel, all of Milwaukee, and oral argument by *Clifford C. Kasdorf*.

GORDON, J. The Industrial Commission determined that Mr. La Favor was functioning as an independent contractor at the time of his accident, and we believe that the record fully sustains such conclusion. The commission did not make an express finding that Mr. La Favor was not an employee at the time of the accident, but such determination is reasonably implicit in its order.

This appeal requires that we examine the nature of the services performed by the applicant in his two different capacities. In one he was an employee and in the other an independent contractor.

Mr. La Favor's duties as an employee related in part to his supervision of the construction of new homes for the Levings brothers. In this work he hired subcontractors, inspected the work, and generally expedited the whole project. As an employee, Mr. La Favor gave his attention to the contracts which were made between the company and various subcontractors. He kept track of payments and prepared waivers. He also concerned himself with construction loans. Another facet of Mr. La Favor's duties as an employee was to locate vacant property for future construction. As an employee of the Levings brothers, Mr. La Favor was paid $400 for each home that was constructed.

As an independent contractor, Mr. La Favor engaged in the trade of carpentry. Primarily he performed this trade for the Levings brothers, but he also had a number of contracts to do carpentry work for the Masonite Company. In carrying on his carpentry work, Mr. La Favor hired carpenters and treated them as his own employees. He set their hours of work and paid them directly from his own sources. He also paid the social-security taxes and took withholding on the wages of his employed assistants. Mr. La Favor carried workmen's compensation insurance which covered the carpenters working for him.

In furtherance of his carpentry activities, Gordon La Favor had a truck with the name "Gordon Company" appearing upon it. His address and telephone number were also printed on the truck. He had a business checking account under the name of "Gordon Company." The magnitude of Mr. La Favor's carpentry business is suggested by the fact that a payroll audit by his compensation insurance carrier shows that between November, 1961, and May, 1962, Mr. La Favor paid wages in the amount of $2,688.

The appellant argues that he was in dual employment at the time of his injury; that he was doing carpentry work (as an independent contractor) and, in addition, that he was inspecting or supervising such work (as an employee). The facts disclosed by the record do not support the dual-employment argument. This is not an instance of dual service where at the time of the injury the two capacities of the workman are inextricably entwined. *Murphy Supply Co. v. Industrial Comm.* (1931), 206 Wis. 210, 239 N. W. 420; cf. *Pinson v. Industrial Comm.* (1955), 79 Ariz. 21, 281 Pac. (2d) 962; *Vance v. Hut Neckwear Co.* (1952), 281 App. Div. 151, 118 N. Y. Supp. (2d) 327; *Johnston v. International Freighting Corp.* (1949), 274 App. Div. 728, 87 N. Y. Supp. (2d) 297; *Sweatt v. Board of Education* (1953), 237 N. C. 653, 75 S. E. (2d) 738; 1 Larson, Law of Workmen's Compensation, p. 721, sec. 48.50.

The commission's finding that Mr. La Favor was acting as an independent contractor at the time of the accident is well supported. We find no valid basis for concluding that Mr. La Favor was also serving as an employee of the Levings brothers at such time. His duties as an employee were broad, but it is not reasonable to say that at the time of the accident they were intertwined with the carpentry work which was being performed.

Under sec. 102.07 (8), Stats., an independent contractor may not qualify as an "employee" if he maintains a separate business and also holds himself out to and renders service to the public. In view of Mr. La Favor's activities in the carpentry business, he may not be considered a "statutory employee."

*By the Court.*—Judgment affirmed.