THE FARMERS MILL OF ATHENS, INC.,
Plaintiff-Respondent,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS,
Defendant-Appellant,

Jerome O. BAUMANN, Defendant.

Court of Appeals

*No. 79–1272. Submitted on briefs April 8, 1980.—
Decided May 13, 1980.*
(Also reported in 294 N.W.2d 39.)

For the appellant the cause was submitted on the brief of *U. W. Brandt,* Director, *James L. Pflasterer,* Deputy Director, and *Robertamarie Kiley,* attorney, Bureau of Legal Affairs, Job Service Division, of Madison.

For the respondent the cause was submitted on the brief of *Bradley A. Kennedy* and *Krueger, Thums, Tlusty & Hittner, S.C.,* of Schofield.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.   Jerome Baumann was employed by The Farmers Mill of Athens, Inc., as an assistant store manager at the employer's branch store in Tomahawk, Wisconsin.   On December 25, 1977, Baumann fell and injured his elbow.   He was not in the course of his employment when the accident occurred.   The accident necessitated a physician's care for treatment of his injury.   He advised Farmers Mill that he would be temporarily unable to perform his work due to the injury.

On January 19, 1978, after his physician released him for work, Baumann came to the store and notified Farmers Mill that he wished to return to work.   Farmers Mill did not allow Baumann to return to work at Tomahawk, but offered him employment in a similar capacity at the same monthly salary at the employer's new store in Merrill, Wisconsin.   Because he objected to the dis-

tance he would have to commute to this new position, Baumann chose not to accept the transfer and terminated his employment.

Baumann subsequently applied for unemployment compensation benefits. A deputy of the Department of Industry, Labor and Human Relations (DILHR) issued an initial determination denying Baumann benefits. Baumann appealed, and an appeal tribunal affirmed the initial determination. Baumann appealed to the Labor and Industry Review Commission. Based on the record before it, the commission made findings of fact and concluded that Baumann terminated his employment with good cause attributable to the employer within the meaning of sec. 108.04(7), Stats.,[1] and was therefore eligible for benefits under sec. 108.03, Stats.[2] Farmers Mill ap-

---

[1] Section 108.04(7), Stats., provides in part:
VOLUNTARY TERMINATION OF EMPLOYMENT. (a) If an employe terminates his or her employment with an employing unit, the employe shall be ineligible for any benefits . . . except as otherwise provided in this subsection.

. . . .

(b) Paragraph (a) shall not apply if the department determines that the employe terminated his employment with good cause attributable to the employing unit.

[2] Section 108.03, Stats., provides:
108.03 Payments of benefits. (1) Benefits shall be paid to each unemployed and eligible employe from his employer's account, under the conditions and in the amounts stated in (or approved by the department pursuant to) this chapter, and at such times, at such places, and in such manner as the department may from time to time approve or prescribe.

(2) The benefit liability of each employer's account shall begin to accrue under s. 108.06 in the first week completed on or after the first day of that calendar year within which his contributions first began to accrue under this chapter.

(3) When an employer, after due notice of a benefit claim, has conceded liability or failed to file the required report, or has failed to raise any eligibility question in objection to such claim, any benefits allowable under any resulting benefit computation shall, unless the department has taken administrative notice of any fact indicating the claimant's ineligibility be promptly paid. Any

pealed the commission's decision to the circuit court.[3] Following its review, the circuit court reversed the commission's decision, holding that the record failed to substantially support the commission's findings.

The scope of judicial review of findings of fact made by the commission in unemployment compensation matters is defined by sec. 102.23, Stats., incorporated by reference into sec. 108.09(7).[4] Section 102.23, in pertinent part provides:

(1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive.

. . . .

(6) If the commission's order or award depends on any fact found by the commission, the court shall not substitute its judgment for that of the commission as to the weight or credibility of the evidence on any finding of fact. The court, may, however, set aside the commission's order or award and remand the case to the commission if the commission's order or award depends on any material and controverted finding of fact that is not supported by credible and substantial evidence.

We must determine whether there is substantial credible evidence in the record to support the commission's findings. Substantial evidence is not a preponderance of the evidence. The test is rather whether reasonable minds could arrive at the same conclusion reached by the commission.[5] This is not the same as a

eligibility question in objection to such claim thereafter raised by the employer shall not affect benefits paid prior to the end of the week in which a determination is issued as to such eligibility question.

[3] Section 108.09(7), Stats.

[4] *Eastex Packaging Co. v. DILHR,* 89 Wis.2d 739, 279 N.W.2d 248 (1979).

[5] *Bucyrus-Erie Co. v. DILHR,* 90 Wis.2d 408, 280 N.W.2d 142 (1979); *Sanitary Transfer & Landfill, Inc. v. DNR,* 85 Wis.2d 1, 270 N.W.2d 144 (1978); *Westring v. James,* 71 Wis.2d 462, 238 N.W.2d 695 (1976).

reviewing court's weighing conflicting credible evidence to determine what shall be believed. The fact that the evidence is in conflict is not a sufficient basis for reversal of the commission.[6]

Further, it is the function of the commission, and not the reviewing court, to determine the credibility of evidence or witnesses and to weigh the evidence.[7] When one or more inferences may be drawn from the evidence, the drawing of one of such permissible inferences by the commission is an act of fact-finding, and the inference is conclusive on the court.[8] The court is not bound by the commission's determination of a question of law. If the commission's legal conclusion is reasonable, however, the court will sustain the commission's view even though an alternative view may be equally reasonable.[9] In passing upon the propriety of the appeal tribunal's decision, the commission is not limited in the scope of its review, as the court is in reviewing an agency decision. Rather, the commission is to make its own determination on the merits.[10] The ultimate responsibility is on the commission. Thus, it is the findings of the commission and not the appeal tribunal that are scrutinized to determine if they are supported by credible evidence.[11]

---

[6] *Eastex Packaging, supra* note 4; *E. F. Brewer Co. v. DILHR,* 82 Wis.2d 634, 264 N.W.2d 222 (1978).

[7] *Eastex Packaging, supra* note 4; *R. T. Madden, Inc. v. DILHR,* 43 Wis.2d 528, 169 N.W.2d 73 (1969).

[8] *VTAE District 13 v. DILHR,* 76 Wis.2d 230, 251 N.W.2d 41 (1977) ; *Fitzgerald v. Globe-Union, Inc.,* 35 Wis.2d 332, 151 N.W.2d 136 (1967).

[9] *VTAE District 13, supra* note 8.

[10] *Indianhead Truck Lines v. Industrial Comm'n,* 17 Wis.2d 562, 117 N.W.2d 679 (1962).

[11] *Ace Refrigeration & Heating Co. v. Industrial Comm'n,* 32 Wis.2d 311, 145 N.W.2d 777 (1966).

■

The commission found that Farmers Mill unilaterally imposed conditions upon Baumann's employment that would, in effect, have resulted in a twenty-five percent pay reduction because of commuting costs. The commission concluded that this change in the conditions of hire was substantial enough to constitute good cause attributable to the employer for Baumann terminating his employment. A review of the record convinces us that the commission's findings and conclusions are supported by substantial credible evidence and are reasonable.

Merrill is approximately twenty-five miles from Tomahawk, where Baumann resides. The commission found that Baumann's transfer to Merrill would cause him approximately $172 per month in commuting expenses. This amount was calculated estimating fifteen cents per mile for a fifty-mile round trip per day at an average of twenty-three working days per month. This is a reasonable estimation of Baumann's added expenses. Based on these commuting expenses, the commission determined that the transfer to Merrill would reduce Baumann's monthly salary of $690 by approximately twenty-five percent.

Farmers Mill contended that Baumann would have worked fewer hours at the Merrill store and that his salary eventually would have increased, as the employer expected to have a larger operation in Merrill. The commission, however, considered these assertions to have been merely speculative and found that Baumann had been given no definite assurances concerning a salary increase commensurate with his additional transportation costs and that his reduction in hours would not have exceeded six to eight hours per week. As discussed previously, such evidentiary considerations are for the commission.

■

"Good cause attributable to the employer" means that:

". . . the resignation must be occasioned by 'some act or omission by the employer' constituting a cause which justifies the quitting. Good cause for quitting attributable to the employer as distinguished from discharge must involve some fault on his part and must be real and substantial."[12]

Permitting an employee to be eligible to receive benefits as a result of a voluntary termination of employment due to good cause attributable to the employer is in keeping with the public policy set forth in sec. 108.01, Stats., in that it was in the power of the employer not to produce a cause that would justify the employee in leaving.[13] Here, by transferring Baumann to its Merrill store, Farmers Mill effectively reduced Baumann's salary twenty-five percent.

That there may be credible evidence to support the appeal tribunal's conclusion that the cost of commuting was not of significant consequence to suggest the application of sec. 108.04(7)(b) is not before the reviewing court. The question on review is not whether there is credible evidence to sustain findings the commission did not make, but whether there is credible evidence or reasonable inferences therefrom to sustain the findings it did make.[14]

Because the commission's determination that under these circumstances Baumann's termination was with good cause attributable to Farmers Mill is reasonable and supported by the record, the decision of the circuit court is reversed, and the commission's order is reinstated.

*By the Court.*—Order reversed.

[12] *Hammer v. DILHR*, 92 Wis.2d 90, 98, 284 N.W.2d 587, 591 (1979); *Kessler v. Industrial Comm'n*, 27 Wis2d 398, 134 N.W.2d 412 (1965).

[13] *Western Printing & Lithographing Co. v. Industrial Comm'n*, 260 Wis. 124, 50 N.W.2d 410 (1951); *Kessler, supra* note 12.

[14] *Eastex Packaging, supra* note 4; *Hunter v. DILHR*, 64 Wis. 2d 97, 218 N.W.2d 314 (1974).