UNITED WAY OF GREATER MILWAUKEE, INC., and Aetna
Casualty & Surety Company, Plaintiffs-Appellants,

v.

The DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELA-
TIONS, and Steven J. Duell, Defendants-Respondents.

Court of Appeals

*No. 81–289. Submitted on briefs September 9, 1981.—
Decided November 20, 1981.*
(Also reported in 313 N.W.2d 858.)

For the appellant the cause was submitted on the brief of *Borgelt, Powell, Peterson & Frauen, S.C.,* of Milwaukee.

For the respondent Department of Industry, Labor and Human Relations the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Beatrice A. Lampert,* assistant attorney general.

For the respondent Steven J. Duell the cause was submitted on the brief of *Robert E. Gratz* and *Virginia M. Antoine* of *Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, S.C.,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J. A judgment of the circuit court affirmed an order of the Labor and Industry Review Commission (Commission), requiring United Way of Greater Milwaukee, Inc. (United Way), and its insurer, Aetna Casualty and Surety Company, to pay worker's compensation to Steven J. Duell. The Commission adopted the findings of the hearing examiner that Duell was a statutory employe under sec. 102.07 (8), Stats., and was eligible for worker's compensation. We affirm because we find credible and substantial evidence in the record to support the Commission's findings of fact, and because its interpretation of sec. 102.07 (8) was reasonable, not in conflict with precedent, and not contrary to the purposes of ch. 102.

In 1977, United Way contacted Duell and requested him to make a parachute jump at its kickoff promotion for its annual fund drive. United Way raises and distributes funds to various charities in the Milwaukee area. To attract public attention to its fund raising campaign, it has traditionally begun the campaign with a spectacle of some sort.

Since 1960, Duell engaged in skydiving as a hobby. He had made jumps for other organizations such as the Experimental Aircraft Association, the Multiple Sclerosis Association, the Muscular Dystrophy Association, the

Boy Scouts, and the Lions Club. The organizations usually made some sort of arrangements to pay his expenses. These organizations learned of Duell through word of mouth. He did not advertise.

The scheduled jump date, September 26, 1977, was a workday for Duell, who was employed at Stanek Tool Company as a machine specialist. Initially, United Way sought to obtain his release from work with pay for that day. His employer refused because of concerns with potential worker's compensation liability. United Way subsequently paid Duell $75 for his services that day. In the course of making the jump Duell was injured.

United Way contends that:

(1) Duell was a volunteer, and therefore, not within the protection of worker's compensation;

(2) Duell was not performing services for United Way in the course of its "trade, business, profession or occupation;" and

(3) the Commission erred in its interpretation of sec. 102.07(8), Stats., and in finding that Duell did not maintain a separate business nor hold himself out to or render service to the public.

## VOLUNTEER

The determination that Duell was not a volunteer is a finding of fact which this court must sustain if it is supported by credible and substantial evidence. Sec. 102.23 (6), Stats; *see Farmers Mill v. DILHR,* 97 Wis. 2d 576, 579–80, 294 N.W.2d 39, 41 (Ct. App. 1980). It is not the role of this court to weigh the evidence. *Farmers Mill, supra,* 97 Wis. 2d at 580, 294 N.W.2d at 41. If more than one reasonable inference may be drawn from the facts, the drawing of that inference is a determination of fact. *Id.* In applying the credible and substantial evidence

standard we may not pass on credibility or weigh the
evidence before the agency, but we must evaluate the evi-
dence to ascertain that its sufficiency reaches "that de-
gree of substantiality in terms of burden of proof to
support a finding or of convincing power that reasonable
men acting reasonably might reach the decision the ad-
ministrative agency did." *Stacy v. Ashland County De-
partment of Public Welfare*, 39 Wis. 2d 595, 603, 159
N.W.2d 630, 634 (1968).

United Way issued a check to Duell for $75 and re-
ferred to this sum as being "full compensation for all
your services and expenses . . . ." This amount ap-
proximated Duell's daily wage at Stanek Tool Company.
Duell incurred expenses of $75 or more for the cost of
gasoline for his airplane, liability insurance which he
provided, and smoke cannisters which he was to set off
during his descent. The $75 was either a reimbursement
for expenses or compensation for services. The Commis-
sion concluded that it was compensation for services.
That was a permissible inference, supported by credible
and substantial evidence, and we cannot disturb that
finding.

## COURSE OF BUSINESS

Section 102.07 (8), Stats., provides for worker's com-
pensation coverage for independent contractors if they
are performing services which are in the "course of the
trade, business, profession or occupation of such em-
ployer at the time of the injury" and if they meet other
requirements addressed below. The determination of
whether the parachute jump Duell performed for the
1977 annual kickoff was part of United Way's regular
business is a question of fact. Our analysis is therefore
the same as for the volunteer issue. There was credible
and substantial evidence from which the Commission

could conclude that this was part of United Way's regular business. United Way engages not merely in collecting and distributing funds, but in encouraging contributions. To do this it needs to attract attention to its fund drive. It has annually sought such publicity through the staging of stunts or exhibits at its annual kickoff event. Indeed, United Way's director of finance agreed that someone who aided in this promotion would be helping United Way in its principal function. We sustain the Commission's finding that Duell was performing services in the course of United Way's business.

## STATUTORY EMPLOYE

Section 102.07(8), Stats., extends worker's compensation protection to independent contractors who meet its requirements. It is undisputed that Duell was an independent contractor when he made the jump for United Way. The controversy concerns whether he met the requirements for coverage set out in sec. 102.07(8):

Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an employer subject to this chapter or has not complied with the conditions of s. 102.28(2), shall for the purpose of this chapter be an employe of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury.

Duell must fulfill three requirements for coverage: (1) he did not maintain a separate business; (2) he did not hold himself out to or render service to the public; and (3) he was not himself an employer subject to ch. 102, Stats. *Employers Mutual Liability Insurance Co. v. DILHR,* 52 Wis. 2d 515, 520, 190 N.W.2d 907, 910 (1971); *Ace Refrigeration & Heating Co. v. Industrial*

*Commission,* 32 Wis. 2d 311, 317–18, 145 N.W.2d 777, 780 (1966). There is no contention here that Duell was an employer subject to ch. 102, so the third requirement is met.

The Commission concluded that Duell did not maintain a separate business nor hold himself out to or render services to the public. The scope of this court's review depends on whether this is a finding of fact or a conclusion of law. "[W]hen facts are undisputed and but one inference may reasonably be drawn from the evidence, only a question of law is presented. However, in some cases the evidentiary facts give rise to ultimate facts upon which the conclusion of law must rest. Likewise, when undisputed facts permit the drawing of different inferences, the drawing of one such permissible inference of fact is an act of fact finding and the inference so derived constitutes an ultimate fact upon which a conclusion of law may rest." *Kress Packing Co. v. Kottwitz,* 61 Wis. 2d 175, 178, 212 N.W.2d 97, 99 (1973). We may reverse the Commission's findings only if the facts found are not supported by credible and substantial evidence, or if the Commission incorrectly interpreted sec. 102.07(8). This court is not bound by the Commission's conclusions of law. *Kolman v. Industrial Commission,* 219 Wis. 139, 141, 262 N.W. 622, 623 (1935). "If the commission's legal conclusion is reasonable, however, the court will sustain the commission's view even though an alternative view may be equally reasonable." *Farmers Mill, supra,* 97 Wis. 2d at 580, 294 N.W.2d at 41.

We conclude that the issue of whether Duell was a statutory employe presents a mixed question of law and fact. Whether the employe meets the requirements of sec. 102.07(8), Stats., is a question of fact. What sec. 102.07(8) means when it refers to a separate business

or holding oneself out to the public is a question of law. *See Kress Packing Co., supra,* 61 Wis. 2d at 177–79, 212 N.W.2d at 98–99; *Ace Refrigeration & Heating Co., supra,* 32 Wis. 2d at 315, 145 N.W.2d at 779.

When a reviewing court is presented with an agency's mixed conclusion of law and finding of fact, there are two methods of analyzing the issue: (1) the analytical method of separating law from fact; or (2) the practical or policy method which avoids law and fact labels and searches for a rational basis for the agency's conclusion. *Libby, McNeill & Libby v. WERC,* 48 Wis. 2d 272, 279, 179 N.W.2d 805, 809 (1970).[1]

Applying the practical method, we find a rational basis for the Commission's conclusion in light of the purpose of sec. 102.07(8), Stats., to extend protection to independent contractors except in those situations where it would be reasonable to expect them to provide their own protection.[2] If we use the analytical method and review the Commission's statutory interpretation, we give great weight and deference to that interpretation and its application to the facts. *Milwaukee County v. DILHR,* 80 Wisd 2d 445, 455–56, 259 N.W.2d 118, 123 (1977); *De Leeuw v. DILHR,* 71 Wis. 2d 446, 449, 238 N.W.2d 706, 709 (1976); *Fitzgerald v. Globe-Union, Inc.,* 35 Wis. 2d 332, 337, 151 N.W.2d 136, 139 (1967).

---

[1] In *Libby, supra,* the court concluded that sec. 227.20, Stats., required it to employ the analytical method. *Id.* at 279, 179 N.W.2d at 809. We note that pursuant to sec. 102.23, our review is not governed by ch. 227.

[2] *See* 1C A. Larson, *The Law of Workmen's Compensation* § 43.41, at 8–18 (1980), discussing different meanings of "employe" which should be applied in workmen's compensation cases. *See also* cases cited therein at § 45.21, in which entertainers, stunt men, and athletes hired for only a single performance have been found within worker's compensation protection.

Although the cases which have construed sec. 102.07 (8), Stats., provide some guidance on factors to consider, they do not provide definite rules. Because the distinction between an unprotected independent contractor and a statutory employe is not always clear, each case must be decided on its own facts. In denying sec. 102.07 (8) protection, some decisions have found that the claimant was himself an employer, in addition to finding other indicia of a separate business such as advertising. *La Favor v. Industrial Commission,* 28 Wis. 2d 22, 25, 135 N.W.2d 807, 808–09 (1965) ; *Scholz v. Industrial Commission,* 267 Wis. 31, 41a, 64 N.W.2d 204, 210, *reh. denied,* 267 Wis. 41a, 65 N.W.2d 1 (1954). *Plencner v. Industrial Commission,* 249 Wis. 370, 24 N.W.2d 669 (1946), emphasized the fact that the claimant-plumber performed plumbing services as his principal means of livelihood for anyone who requested them, and denied coverage. *Id.* at 376, 24 N.W.2d at 672. *See also Conrad v. Industrial Commission,* 254 Wis. 574, 577, 37 N.W.2d 60, 62 (1949).

In finding protection under sec. 102.07 (8), our supreme court has found exclusive performance of services for the alleged employer to be very persuasive. *Employer's Mutual Liability Insurance Co., supra,* 52 Wis. 2d at 520, 190 N.W.2d at 910; *Ace Refrigeration & Heating Co., supra,* 32 Wis. 2d at 319–20, 145 N.W.2d at 781. The characterization of the claimant's services to other employers as "de minimus" in *Ace Refrigeration, supra,* however, did not create a standard requiring virtual exclusivity for coverage. Disqualification requires more than just isolated activities. 32 Wis. 2d at 319, 145 N.W. 2d at 781. Other cases finding sec. 102.07 (8), Stats., coverage have found exclusive service for one employer unnecessary. *Lange v. DILHR,* 40 Wis. 2d 618, 625–26, 162 N.W.2d 645, 649–50 (1968) ; *Valentine v. Industrial*

*Commission,* 246 Wis. 297, 299, 16 N.W.2d 804, 805 (1944).

In *Lange, supra,* the claimant was a dairy farmer who occasionally provided horses for parades. An independent contractor who sold Sealtest products borrowed an antique milk wagon from Sealtest for use in a parade. The claimant agreed to provide a team of horses for the wagon and to drive the wagon. He was injured on a practice run. The court denied coverage because it found no contract for hire between claimant and Sealtest. In dicta the supreme court indicated it found that the claimant did not maintain a separate business just because he had provided horses to a variety of people for use in parades. "[P]erforming services for more than one person does not necessarily spell a holding out for business." 40 Wis. 2d at 626, 162 N.W.2d at 649. This situation is similar to Duell's parachute jump for other charities. Such circumstances do not necessarily constitute a separate business or a holding of oneself out to the public.

Duell did not earn his living skydiving. His jumps for other organizations were not so regular as to expect him to provide his own protection. Moreover, to construe the requirements of not maintaining a separate business and not holding oneself out to and rendering service to the public too broadly could exclude virtually all independent contractors from protection, and thereby defeat the legislative intent inherent in the statute.

We find the Commission's interpretation and application of sec. 102.07 (8), Stats., to be a rational interpretation which effectuates the purpose of the statute and does not contradict any case law, and we sustain its conclusion.

*By the Court.*—Judgment affirmed.