Ruth TOPP, Petitioner-Respondent,
v.

## LABOR AND INDUSTRY REVIEW COMMISSION, Appellant, UNIVERSITY COURT APARTMENTS, Respondent.

Court of Appeals

*No. 85–1862. Submitted on briefs March 6, 1986.—Decided September 18, 1986.*

(Also reported in 395 N.W.2d 815.)

For the appellant, the cause was submitted on the briefs of *Robert C. Reed*, of Madison.

For the petitioner-respondent, the cause was submitted on the brief of *Betsy J. Abramson*, of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, J. The Labor and Industry Review Commission required Ruth Topp to repay $955.50 to the unemployment reserve fund after determining that she was overpaid that amount in unemployment compensation benefits. The trial court reversed LIRC's deci-

sion. The issue posed by the parties is whether LIRC may waive collection of the overpayment. The trial court held that LIRC may do so. We conclude that only the Department of Industry, Labor and Human Relations may waive collection. We therefore reverse the order of the trial court.

The facts are undisputed. When Topp applied for unemployment compensation in February, 1982, she signed a form stating, "I have not applied for nor am I currently receiving any pension, annuity or similar type of retirement payment based on my previous work." The form contained an acknowledgement that the applicant was aware that he or she must report to the Job Service Office "in the week that I receive notice of or changes . . . to the retirement payments that I have applied for and may apply for." Two months after Topp began receiving unemployment compensation, she sought and began receiving social security benefits, but she failed to advise the department of the change until several months later. When the department learned that she received social security, it concluded that she had collected more compensation than she should have and assessed her for the overpayment.

Topp sought review by an appeal tribunal. She asked the department to waive recovery of the overpayment. The appeal tribunal concluded that although the repayment may cause Topp hardship, a departmental authority higher than the tribunal had to decide whether to waive recovery from her. The tribunal affirmed the assessment. Topp appealed to LIRC, which summarily affirmed the appeal tribunal's decision.

Topp sought judicial review. She argued to the circuit court that LIRC was the higher department authority the appeals tribunal had referred to and that LIRC

should have considered the waiver issue on its own. The circuit court agreed and remanded the case to LIRC to decide whether grounds existed to waive recovery from her.

LIRC argues that under the unemployment compensation statutes, a claimant's liability for an overpayment must first be determined under sec. 108.22(8)(a), Stats. Once liability has been established, the department is vested with discretion regarding collection and the effort to be expended. LIRC contends that its authority is limited to determining whether the department correctly found that an overpayment had occurred. LIRC contends that whether the overpayment should be collected is for the department to decide. We agree.

Unemployment compensation is purely statutory. Whether and how recovery of an unemployment compensation overpayment may be waived are therefore questions of law. When reviewing LIRC's decision, we owe no deference to the trial court's opinion. *Stafford Trucking, Inc. v. ILHR Dept.*, 102 Wis.2d 256, 260, 306 N.W.2d 79, 82 (Ct. App. 1981). We independently review administrative agency decisions on issues of law, although we may defer to the agency's reasonable construction of a statute it administers. *Environmental Decade v. ILHR Dept.*, 104 Wis.2d 640, 644, 312 N.W.2d 749, 751 (1981). More specifically, the decisions of an agency regarding the scope of its own powers do not bind us. *Wis. Environmental Decade v. Public Service Comm.*, 81 Wis.2d 344, 351, 260 N.W.2d 712, 716 (1978). Although we ordinarily defer to LIRC's conclusions of law if they are reasonable, *Farmers Mill of Athens, Inc. v. ILHR Dept.*, 97 Wis.2d 576, 580, 294 N.W.2d 39, 41

(Ct. App. 1980), less deference is accorded an agency's views on its own powers.

The only express reference in ch. 108 to waiver of overpayments appears in sec. 108.22(8), Stats., which provides:

> (a) In case benefits have been erroneously paid to an individual, the individual's liability to reimburse the fund for such overpayment may be set forth in a determination or decision issued under s. 108.09.
>
> (b) To recover any overpayment which is not otherwise repaid or recovery of which has not been waived, the department may offset the amount of the overpayment against benefits the individual would otherwise be eligible to receive, or file a warrant against the liable individual in the same manner as is provided in this section for collecting delinquent payments from employers, or both, but only to the extent of recovering the actual amount of the overpayment and any costs and disbursements, without interest.

Thus, by virtue of sec. 108.22(8)(a), Stats., the first step toward waiver of recovery of an overpayment is "a determination or decision [of an individual's liability] issued under s. 108.09." "Determinations" and "decisions" are made at different levels in the processing of an unemployment compensation claim after the department has made a "computation" of potential benefits payable on a claim. The department issues its "computation." Section 108.09(2)(a). If objections to the the department's "computation" are not satisfactorily resolved by its recomputation, the matter proceeds to the "determination" level. *Id.* A department deputy makes the "determination." Section 108.09(2)(b). If a party to the "determination" requests a hearing under

sec. 108.09(2r), the dispute is decided by an appeal tribunal. Section 108.09(3)(a). The appeal tribunal issues a "decision." Section 108.09(3)(g) and (h); sec. 108.09(6)(a). LIRC may review an appeal tribunal decision. Section 108.09(6)(a).

An appeal tribunal consists of an examiner who is an employee of the department. Section 108.09(4), Stats. An administrative agency possesses only so much power as is expressly conferred or necessarily implied from the statutes under which it operates. *Grogan v. Public Service Commission*, 109 Wis.2d 75, 77, 325 N.W.2d 82, 83 (Ct.App. 1982). The same principle applies to the appeal tribunal operating within the agency.

The appeal tribunal may affirm, reverse or modify the department's initial determination or set aside and remand it for further proceedings. Section 108.09(4), Stats. *Id.* Authority to waive recovery of an overpayment is not a statutorily specified power of an appeal tribunal. Nor is that power necessarily implied from the tribunal's review function. Consequently, an appeal tribunal may by its decision affirm, reverse or modify the department's determination that an individual is liable to reimburse the fund for an overpayment, but the tribunal may not waive recovery of the overpayment.

We turn to LIRC's powers. The principle that an agency has only such powers as are statutorily conferred, *Grogan v. Public Service Commission, supra,* applies to LIRC, as well as to the appeal tribunal. Section 108.09(6)(a), Stats. LIRC exists by reason of sec. 15.225(1), Stats., and is attached to the department

under sec. 15.03. LIRC exercises its powers, duties and functions prescribed by law. Section 15.03. Section 108.09(6)(a) specifies LIRC's powers on review of an appeal tribunal decision on unemployment compensation matters. LIRC "may affirm, reverse, modify or set aside the decision [of an appeal tribunal]on the basis of the evidence previously submitted, may order the taking of additional evidence as to such matters as it may direct, or it may remand the matter to the department for further proceedings." Section 108.09(6)(d). Because authority to waive recovery of an overpayment is not one of LIRC's specified statutory powers, and the power to waive recovery is not implied in its review functions, LIRC may not waive recovery of an overpayment.

After a determination or decision has been made as to an individual's liability to reimburse the fund for an overpayment, the second step under sec. 108.22(8)(b), Stats., is either to waive or collect the amount due. Although that statute fails expressly to state who may waive an overpayment, it empowers the department to offset an overpayment against future benefits or to file a warrant against the liable individual as alternatives to waiver. The implication is that the department decides whether to waive or to collect. Since the statute fails to provide that the department's choice between waiver and collection is a "determination," the choice is not reviewable by an appeal tribunal under secs. 108.09(2r) and 108.09(3)(a) or by LIRC under sec. 108.09(6)(a).

Hence, an appeal tribunal and LIRC have roles only in fixing the liability for an overpayment of unemployment compensation. Neither the appeal tribunal nor LIRC may waive collection of the overpayment. The

choice between waiver and collection is left to the department.

Because we conclude that only the Department of Industry, Labor and Human Relations may waive collection of an overpayment of unemployment compensation from an individual, we reverse the order of the trial court.

*By the Court.*—Order reversed.